■ In the Matter of DAN R., Respondent, v MARY JO BANE, Respondent, and MARY GLASS, Appellant. [606 NYS2d 1000] —In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Westchester County Department of Social Services to appoint representative payees for the petitioner Dan R. and all those similarly situated, the Westchester County Depart-

ment of Social Services appeals from a judgment of the Supreme Court, Westchester County (Pirro, J.), dated December 10, 1992, which, upon a stipulation of settlement between the petitioner Dan R. on behalf of himself and all other persons similarly situated, and the New York State Department of Social Services, directed the Westchester County Department of Social Services to provide the petitioner, and all those similarly situated, who are recipients of public assistance, with a representative payee.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner Dan R. is a mentally ill individual who receives supplemental security income and is unable to manage his own financial affairs. He receives treatment for his illness at the Phelps Hospital Mental Health Center, which is a participating provider under the New York State Office of Mental Health's Community Support Services plan. Because of his inability to manage his own financial affairs, the petitioner applied to the appellant for appointment of a representative payee. The appellant, which is the agent of the New York State Department of Social Services, denied the petitioner's request on the ground that it was contrary to the longstanding policy of the New York State Department of Social Services.

The petitioner subsequently commenced the instant proceeding on behalf of himself and all those similarly situated, against the appellant and the New York State Department of Social Services, to compel the appointment of a representative payee. The petitioner and the New York State Department of Social Services entered into a stipulation of settlement which required the appellant to provide the petitioner with the requested financial management services.

The Supreme Court approved the stipulation, holding that the petitioners are "entitled to * * * a representative payee".

On appeal, the appellant argues that the Supreme Court erred in directing it to comply with the terms of the subject stipulation. However, the determination is fully supported by the regulations of the New York State Department of Social Services. The Legislature has mandated that social service officials "shall provide protective services * * * to or for individuals without regard to income who, because of mental or physical dysfunction, are unable to manage their own resources" (Social Services Law § 473 [1]). Pursuant to this statutory authority, the New York State Department of Social

Services promulgated a regulatory scheme entitled "PROTECTIVE SERVICES FOR ADULTS" (hereinafter PSA; 18 NYCRR part 457). Among the enumerated protective services to be provided in the PSA program is "functioning as a * * * representative payee * * * where it is determined such services are needed and there is no one else available or capable of acting in his capacity" (18 NYCRR 457.1 [c] [9]). The PSA regulatory scheme further provides that "[i]t shall be the responsibility of the local commissioner of social services or director of social services to serve as representative payee when there is no one else willing or able to do so" (18 NYCRR 457.5 [c] [3] [iii]). By virtue of this regulatory scheme, the local department of social services is the agency of last resort which must secure a representative payee in situations where no one else is willing or able to do so. Here, the record amply evinces that the petitioner Dan R. has no one willing to provide the requested service. This being the case, it is incumbent upon the appellant to appoint a representative payee for him (see, 18 NYCRR 457.5 [c] [3] [ii]). Accordingly, we conclude that the Supreme Court acted properly in requiring the appellant to provide the requested service. Sullivan, J. P., Lawrence, O'Brien and Santucci, JJ., concur.